## Griffiths Estate

*Paul J. Smith,* for exceptant.

*John H. Bream,* for accountant.

RICHARDS, P. J., March 5, 1956.—Anna E. Griffiths died testate on December 31, 1948. Item two of her will provided:

"I give, devise and bequeath unto my husband, Walter J. Griffiths, the Farmers Hotel property located in Middletown, Pennsylvania, including the Plot 60 x 93 and the use of a twenty feet wide alley on the rear, but not including any other adjoining properties."

The husband, who has since died, filed an exception to the account and proposed distribution. This exception asserted that the above gift included "the hotel property together with all of its personal furnishings and equipment". The net value of the contents of the hotel is $2,000.

It is argued that the use of the words "give, devise and bequeath" indicate an intent to include the personal property in the hotel, since the word "bequeath" is usually applied to gifts of personal property. But an examination of the will shows that the words "give, devise and bequeath" were used with reference to real property alone in the third section of the will, and with reference to pecuniary bequests alone in the fourth and fifth sections. Therefore, we can predicate nothing upon the use of the word "bequeath" since it was used indiscriminately as to both real and personal property.

On the other hand, the words "property" and "adjoining properties" are both used in the second clause of the will which we are considering. There can be no doubt that a gift including a plot 60 x 93, and the use of an alley, but excluding "any other adjoining properties", refers to real estate alone. If "adjoining properties" refers to real estate, the word "property" in the same section must mean real estate. Otherwise the word would have two different meanings in the same paragraph.

It is to be noticed, also, that this clause does not give the "business" conducted at the hotel. There are cases which construe such a gift more broadly than a gift of property alone, as here used.

In the case of Gries, Exec., v. Coleman, 1 Woodward's Decisions 413, the will provided: "I give and devise my forge property . . . including the land belonging to said forge . . . unto my partner . . ." This was held to include nothing but realty.

For these reasons we feel obliged to hold that section two of the will does not make a gift of the personal property in the hotel but included only the building and land.

And now, to wit, March 5, 1956, the exception of Walter J. Griffiths to the account and proposed distribution of the executors of the estate of Anna E. Grffiths, deceased, is hereby dismissed.